UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JAMES V. FRANIZER,<br><br>            Petitioner,<br>  v.<br>B. BIRKHOLZ.<br><br>            Respondent. | No. 2:25-cv-06955-MRA-BFM<br><br>**ORDER TO SHOW CAUSE** |

## SUMMARY

This Order concerns a habeas petition filed under 28 U.S.C. § 2241. Petitioner James V. Franizer is currently serving a sentence in federal custody. He alleges he is actually innocent of one of the counts of conviction, a firearms offense, and that he is actually innocent of the career-offender guidelines enhancement that increased his sentence significantly. The Supreme Court has recently narrowed the range of cases that can be brought pursuant to § 2241's "escape hatch," such that it would appear Petitioner's claims cannot be brought via § 2241 petition. The Court therefore orders Petitioner to show cause—to explain in writing—why his Petition should not be dismissed without prejudice to Petitioner raising his claims in a different kind of suit.

## FACTUAL BACKGROUND

Petitioner James V. Franizer, currently in federal custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF 1.) In his Petition, he alleges that he is actually innocent of the career-offender sentencing enhancement applied in his case. Imposition of that enhancement requires, among other things, proof of two qualifying predicate prior offenses. U.S.S.G. § 4B1.1(a). Petitioner argues that his prior convictions are not qualifying predicates for two reasons: (1) because his state drug conviction is not a qualifying controlled substance offense, and (2) because he is innocent of the underlying drug offense. (ECF 1 at 2.) Petitioner further alleges that his firearm conviction should be vacated under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022).[1] (ECF 1 at 2.)

Plaintiff alleges that he may bring these claims pursuant to § 2241 because he did not have an unobstructed procedural shot at bringing those claims in the Southern District of Iowa, where he was convicted, and that § 2255 is therefore ineffective to test the legality of his conviction. (ECF 1 at 2.) In other words, he seeks to proceed under the "escape hatch" provision of § 2255. (ECF 1 at 4.)

## ANALYSIS

The court is required to screen all habeas petitions upon filing, and to summarily dismiss "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases. Petitions brought pursuant to Section 2241 are subject to the same screening requirements. *See* Rule 1(b), Rules Governing Section 2254 Cases (a district court may "apply any or all of these

---

[1] The Petition erroneously refers to this case as "U.S. v. Bruen." (ECF 1 at 2.)

2

rules" to any habeas petition); *see also Bostic v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

When reviewing a petition filed pursuant to § 2241, the Court must first consider whether the claims are properly brought via § 2241 petition or whether the claims would be more properly brought in a motion filed pursuant to § 2255. This question is "critical to the determination of district court jurisdiction," because "the proper district for filing a habeas petition depends upon whether the petition is filed pursuant to § 2241 or § 2255." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Challenges to the *legality* of a sentence must be brought via § 2255 motion and must be filed in the court that imposed sentence. *Id.* at 864. By contrast, challenges to the manner, location, or conditions of a sentence's execution must be brought in a § 2241 petition, which must be filed in the district in which the individual is incarcerated. *Id.* Generally speaking, all challenges to the lawfulness of a conviction must be channeled into a motion brought under § 2255; section 2255 "provides the *exclusive* procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000) (emphasis added).

Notwithstanding that general rule, § 2255(e) describes a narrow sliver of challenges to a conviction that can be brought via § 2241: it permits an application for a writ of habeas corpus where the "remedy by motion is inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). It is this provision, often called the "escape hatch" provision, to which Petitioner attempts to lay claim. He argues that a motion brought pursuant to § 2255 is inadequate or ineffective to test the legality of his detention, and that he should therefore be permitted to proceed under § 2241.

Plaintiff cites cases that permitted certain challenges to federal sentences to proceed through the escape hatch if they were claims that sounded in actual

3

innocence and could not be brought in a § 2255 motion. (*See* ECF 1 at 4 (citing *Courtright v. Von Blanckensee,* No. 20-15473, 2022 WL 522106 (9th Cir. Feb. 22, 2022) (finding that claim that petitioner was actually innocent of mandatory life sentence imposed pursuant to § 3559(e) could be brought via § 2241 petition where claim could not be brought under § 2255)).) Courts like *Courtright* reasoned that § 2255 was inadequate to test the legality of detention—and thus the escape hatch was available—as to claims of actual innocence of an offense or a mandatory sentencing enhancement where § 2255's rules against successive petitions would close off any other means of bringing the challenge. *See, e.g., Allen v. Ives*, 950 F.3d 1184, 1191 (9th Cir. 2020).

Even at its broadest reading, however, the scope of § 2241's escape hatch always excluded challenges to career-offender enhancements, so long as the petitioner was sentenced at a time when the Sentencing Guidelines were advisory. *See Marrero v. Ives*, 682 F.3d 1190, 1193-95 (9th Cir. 2012); *see also Allen*, 950 F.3d at 1189-90 (limiting *Marrero* to claims concerning career-offender challenges to sentences imposed under the advisory guidelines, and not to those sentences imposed before 2005 under the mandatory guidelines).

Moreover, even the narrow opening through which claims like *Courtright* and *Allen* passed has since been closed. In 2023, the Supreme Court held that § 2255 was not inadequate or ineffective to test the legality of detention simply because the rules against second or successive § 2255 motions foreclosed a challenge. *Jones v. Hendrix*, 599 U.S. 465, 477-78 (2023). Instead, § 2241's escape hatch "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court . . . ." *Id.* at 478; *see also id.* at 475 (identifying, as examples of such cases, situations where a court no longer exists). *Jones v. Hendrix* thus forecloses "escape hatch" challenges to federal sentences—if not entirely, at least of the kind presented in this Petition.

4

1  As to Petitioner's *Bruen* challenge to his firearm conviction, he is wrong that that challenge cannot be brought via § 2255. Such claims are routinely brought via § 2255. *See, e.g.*, *United States v. Brown*, 720 F. Supp. 3d 1020 (D. Ore. 2024) (evaluating Second Amendment claim brought via § 2255 motion). In any event, *Jones v. Hendrix* is fatal to that claim as well.

In short, it appears that neither of Petitioner's claims are ones that can be brought under § 2241. The Court thus believes it lacks jurisdiction over the Petition.

Where an action is filed in a district that lacks jurisdiction, a court must either dismiss, or, "if it be in the interest of justice," may transfer the case "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Court has thus considered whether the construed § 2255 Motion should be transferred to the Southern District of Iowa. It is inclined not to make that recommendation. It appears Petitioner may still be within the one-year period for filing a § 2255 motion in the Southern District of Iowa. And, because strict limitations apply to all but the first § 2255 motion, *see* 28 U.S.C. § 2255(h), converting this Petition to a § 2255 motion might make it more difficult for Petitioner to present other claims he might want to bring.

For these reasons, the Court believes it is appropriate to recommend dismissal of this Petition. Such dismissal should be without prejudice to Petitioner raising his claims using a proper vehicle in the proper forum. *Wages v. I.R.S.*, 915 F.2d 1230, 1234 (9th Cir. 1990) ("A jurisdictional dismissal is not a judgment on the merits."); *Manant v. United States*, 498 F. App'x 752, at *1 (9th Cir. 2012) (dismissal without prejudice "was proper because the district court lacked jurisdiction"). Petitioner could then decide whether he wishes to raise any version of these claims—and any other he might have—via § 2255 motion filed before the sentencing judge. Before the Court makes that

5

1  recommendation to the District Judge presiding in his case, however, the Court
2  will give Petitioner an opportunity to address these concerns.
3        Accordingly, by **no later that September 19, 2025**, Petitioner shall file
4  a response addressing the concerns raised in this Order and explaining why his
5  Petition should not be dismissed. **If Petitioner no longer wishes to pursue**
6  **this action, he may request a voluntary dismissal of the action pursuant**
7  **to Federal Rule of Civil Procedure 41(a).** Doing so will not prejudice him
8  raising his claims in a properly filed suit.
9        Plaintiff is warned that, if he does not respond to this Order within the
10 deadline set by the Court (or seek an extension of that deadline, if he has a good
11 reason to do so), **the Court will recommend to the assigned District Judge**
12 **that the action be dismissed without further leave to amend**.

DATED: August 21, 2025

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE